**No. 48799.**—Protest 605611–G of Herbert S. Wheeler (New York).

Opinion by TILSON, J.   At the trial a witness for the plaintiff testified without contradiction that certain items consisted of 8-bu. hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664).   In accordance therewith the merchandise covered by entry 749606 was held dutiable at only 25 percent as claimed.   Protest sustained to this extent.

**No. 48800.**—Protests 993683–G, etc., of Morris Friedman et al. (Philadelphia, etc.).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, SEPTEMBER 23, 1943

**No. 48801.**—Petition 6383–R of Rotaprint Machines, Inc. (New York).

Opinion by OLIVER, P. J.   It appeared from the record that the importer had been purchasing certain duplicating machines imported from Germany through the foreign manufacturer's general American agent located in Cleveland, Ohio. Later the petitioner entered into an agreement with the manufacturer wherein the petitioner became exclusive agent of the manufacturer for the sale and distribution of these machines in certain eastern states.   After counsel received information from Germany he advised the petitioner to enter at the invoice value, which was the contract price and the price the petitioner paid for the machines. It appeared that the invoice value was the export value, as defined in section 402. The appraiser advanced the value to what was claimed to be the foreign value, which apparently was the retail sales price of this merchandise in Germany. The petitioner filed an appeal to reappraisement (Reap. Dec. 5669 and 5848), wherein the value found by the appraiser was upheld.   It was found that the entire course of conduct of the petitioner was consistent with the desire to ascertain the correct dutiable value, and the evidence clearly showed an honest difference of opinion, and that the entry of the merchandise at a less value than that on final appraisement was without any intention to defraud the revenue or to conceal or misrepresent the facts.   The petition was therefore granted.